■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAITLAND SEBRO, Appellant. [594 NYS2d 284] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Cirigliano, J.), rendered May 8, 1991, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, unauthorized use of a motor vehicle in the third degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, we disagree with the defendant's contention that the evidence that he knew the vehicle in question was stolen was legally insufficient to support the convictions of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree. The complainant and another eyewitness identified the defendant as the person who robbed the complainant of his car at gunpoint on the night of March 5, 1990. Two police officers testified that on March 10, 1990, they attempted to stop the defendant after he drove through a red light in the stolen car, of which he was in exclusive possession, and he led them on a car and foot chase before being apprehended. Although the People failed to ask for a charge on the inference that could be drawn from the recent and exclusive possession by the defendant of the fruits of the crime, the evidence in this case, even without that inference, viewed in the light most favorable to the People, clearly was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, *People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.